## HOWELL v. STATE.

### [65 South. 641.]

JURY. *Qualification. Opinion.*

> In the trial of a criminal case, a juror is competent, who on his *voir dire*, states that while it might take evidence to remove the opinion he had, he could go into the jury box and try the case fairly and impartially according to the law and the evidence, and that what he had heard on the outside would not affect him in deciding the case, and that he could try it just as if he had never heard of the case at all.

APPEAL from the circuit court of George county.

HON. J. J. BALLENGER, Judge.

Frank Howell was convicted of robbery and appeals. The facts are fully stated in the opinion of the court.

*Cowart & Moss,* for appellant.

The attorney-general dwells at length on the competency of the proposed jurors, Kennedy and Eubanks. In reply to his argument, we cite and rely on, in support of our contention that said proposed jurors were incompetent, regardless of section 2685 of the Code of 1906; *Klyce* v. *State,* 79 Miss. 652, 31 So. 339; *Murphy* v. *State,* 92 Miss. 203, 45 So. 865. The cases above cited are comparatively recent and in point. In *Murphy* v. *State,* the

*voire dire* examination of juror Dixon revealed facts
very similar to those brought out in the *voir dire* exam-
ination of jurors Kennedy and Eubanks in the case at
bar.   It will be noted that Mr. Dixon, in that case, tes-
tified that he would be governed by the law and evidence,
notwithstanding his having fixed opinion that it would
take evidence to remove.   Judge MAYES who delivered
the opinion of this court in that case, said: "By the
very terms of the statute itself, no fixed and invariable
rule can be established by which, in all cases, the compe-
tency or incompetency of a particular juror may be es-
tablished.   The statute confides the determination of this
question in each case to the sound discretion of the court.
In this case we think the court should have sustained the
challenge to juror Dixon for cause, and not have required
the defense to exhaust all their peremptory challenges
in order to get rid of him.   The examination of this jur-
or, in the light of all his testimony makes the case quite
distinct from the *Cook case* in 43 So. 619."

In *Klyce* v. *State,* reported in 31 So. at page 339, al-
most identical facts were brought out on the *voir dire*
of juror Raper as that brought out in the *voir dire* ex-
amination of Kennedy and Eubanks in the present case.
In that case the trial Judge overruled defendant's chal-
lenge of juror Raper for cause, and Judge CALHOUN, in
delivering the opinion of this court, said in part: "We
dissent, with great diffidence, from the opinion of the
very able judge who presided, that this person was a
competent juror, not to be challenged for cause.   We
are sure he will concur with us that no accused person
would think that juror impartial if it concerned his life
or liberty, and this is no bad test.   It is true, the ruling
made can find support in certain loose expressions in
some of the opinions of some courts; but we have been
cited to no case, nor have we found any, where a juror
was declared competent under facts like those here.
Section 26 of our Constitution guarantees a trial by an.

impartial jury of the county where the offense was committed.

This guaranty to each and every citizen by the fundamental law is, of course, sacred ground—the holy of holies—not to be invaded by the tread of legislature or courts. It was a very wise and enlightened provision, and far more important of enforcement than avoiding any inconveniences and difficulties arising out of the notoriety of particular cases. Our own legislature, in section 2355 of the Code, has gone to the very extreme length of the law-making power. This section is constitutional, but it manifestly not only hampers the court in determining for itself the question of the impartiality of the person tendered as a juror, but, on the contrary, throws the *onus* on the court, in the exercise of its enlightened discretion, to decide whether or not the person tendered can try the case impartially. It is also careful to provide that the exclusion of a juror shall not be assignable for error, thus emphasizing the idea of liberal interpretation in favor of the accused. Nor does the section necessarily imply that a man is competent who has a fixed opinion. It simply uses the words ''impression or opinion.'' The collocation is significant, in view of the antecendent law as announced by the courts, many of which had gone nearly or quite to the length of the statute. But the statute leaves it to the trial court to exclude any juror it may think not impartial, whether from impression or opinion, without liability to question. It would nullify the constitutional provision, and seriously endanger the fairness of trials, to hold a juror, who has an opinion, competent merely because he says he could try the case impartially. He may say so, but it is for the court to say whether he in fact can, viewed in the light of the weakness of human nature. We are constrained to think that a man, who has heard the facts from the state witnesses, believes what they told him, and from that has formed and expressed an opinion

which he still retains, is not an impartial juror, in the
meaning of the Constitution, whatever may be his own
idea of his own power to try impartially.''

Therefore, we earnestly submit that, viewed in the
light of the opinions of this court above cited, the jurors,
Kennedy and Eubanks, were wholly incompetent as
shown by their *voir dire* examination.

*Frank Johnston,* for appellee.

I respectfully submit to the court that there can be
no doubt about the correctness of the ruling of the trial
court in regard to the competency of these two jurors.
Section 2685 of the Code of 1906, prescribes the rule on
this subject in regard to the competency of jurors which
is simply this: That a juror is competent in any crimi-
nal trial, although he has an impression or opinion in
respect to the guilt or innocence of the accused, pro-
vided it appears to the satisfaction of the court that he
has no bias, or feeling, or prejudice in the case, and no
desire to reach any result, except that to which the evi-
dence may conduct.

These jurors were competent under the clear, explicit
and positive terms of this statute. It did appear that
they each had an opinion or impression based on outside
talk about the case, and it did appear, to the satisfaction
of the court, that they could try the case fairly and im-
partially on the law and evidence and a true and just
verdict reach, without any bias or prejudice in the case.
This statute is a modification of the rule at common law
about the competency of jurors who had formed or ex-
pressed an opinion about the case. It may be and is
often the case, that a juror who has an impression or
opinion in a case may not only be a competent juror,
but a model juror on the trial of an issue in a criminal
case between the state and the defendant. The com-
mon-law rule was too strict and often resulted in the ex-
clusion of the very best class of citizens from the jury
panel in a criminal case.

This statute had been held to be constitutional in all respects under the provision of the constitutional guarantee of an impartial jury. *Logan* v. *State*, 50 Miss. 269; *Green* v. *State*, 72 Miss. 522. This subject was much discussed in *Klyce* v. *State*, 79 Miss. 652. It was held expressly that this statute does not necessarily imply that a man is incompetent who has formed an opinion in regard to the case.

The whole principle involved under this statute as well as under the common-law rule is that it is the duty of the court to see that a fair and impartial jury is selected to try the case. *Ferniday* v. *Selser*, 5 How. 506; *Gillan* v. *Brown*, 43 Miss. 641. In *Logan* v. *State*, cited *supra*, and *Green* v. *State*, it was expressly held that a juror was not disqualified because he had formed an opinion of such a fixed character that it would require evidence to remove it, provided he made oath, and the court was satisfied that he could try the case fairly and impartially, according to the law and evidence.

I will submit, in conclusion on this subject, that, under section 2685, the matter of selecting the jury and all questions in regard to the competency of the jurors, is largely within the discretion of the trial court. The trial judge has far better opportunity of seeing the jurors and personally examining them. He can observe the manner and the temper, and the disposition of the jurors, and can, therefore, more intelligently decide the question as to the state of mind of the juror. In this case the competency of these two jurors comes clearly within the operation of section 2685, of the Code.

REED, J., delivered the opinion of the court.

Appellant was convicted on the charge of robbing his grandfather. The verdict of guilty is sustained by the evidence.

It is contended that the trial court erred in overruling appellant's challenge of two jurors, for cause. It is ar-

gued that the jurors challenged had fixed opinions as to the guilt or innocence of appellant which would require evidence to remove, and that they were therefore incompetent.

The testimony of the juror Kennedy, when he was examined on his *voir dire*, shows that, while it might take evidence to remove the opinion he had, he could go into the jury box and try the case fairly and impartially according to the law and the evidence, that what he had heard on the outside would not affect him in deciding the case, and that he could try it just as if he had never heard of the case at all. We quote the following question and answer from his testimony: "Q. Is that a fixed opinion that you have? A. No, sir."

The juror Eubanks on his *voir dire* testified that the opinion he had would not interfere with his trying the case fairly and impartially on the law and evidence, and he would not be influenced by what he had heard on the outside. Continuing, Mr. Eubanks in his testimony said: "What I heard on the outside I did not take to be facts."

The court was entirely correct in holding that these jurors were competent. We do not think that their testimony shows that they had a fixed opinion which would disqualify them. What they referred to as an opinion, it appears from the testimony, was a mere impression. It is certainly shown that they were impartial in the case, and did not desire to reach any result except that to which the evidence would conduct them. They are not shown to have any bias or feeling of prejudice in the case. *Cook* v. *State,* 90 Miss. 137, 43 So. 618; *Schwartz* v. *State,* 103 Miss. 711, 60 So. 732.

*Affirmed.*